BEYERS *v.* HODGE *et al.*

*(Superior Court of Buffalo, General Term.  July 8, 1892.)*

PRINCIPAL AND AGENT—RATIFICATION BY PRINCIPAL.

That defendants made use of a petition which had been circulated by plaintiff under an employment by one S., claiming to represent defendants, and that they paid money to plaintiff, while tending to show that S. was authorized to employ plaintiff to do the work, does not show that they agreed to pay, or ratified an agreement by S. to pay, any certain sum for the services, especially in connection with plaintiff's testimony that the only time anything was said to defendants by plaintiff about the amount promised by S. they instantly repudiated his authority, said the amount was too much, and refused to pay it.

Appeal from trial term.

Action by Mary Beyers against Dwight A. Hodge and Erick A. Hodge on a contract for services rendered.  Judgment for plaintiff.  Defendants appeal.  Reversed.

Argued before WHITE and HATCH, JJ.

*Frank R. Perkins,* for appellants.  *Brown & Sells,* for respondent.

WHITE, J.  The appellants were agents for the Barber Asphalt Company in Buffalo, and their business was procuring contracts for the paving of streets by that company in Buffalo.  The appellants had in their service, in the summer of 1889, one Andrew Soule.  In that year Soule, claiming to represent the defendants, employed the plaintiff to circulate a petition for the purpose of procuring signatures of property owners on which to institute proceedings by the common council of Buffalo for the paving of Bowen street. The plaintiff circulated the petition, procured signatures thereto, and it was used in such proceeding, which resulted in the street being paved by the Barber Asphalt Company.  Soule promised to pay the plaintiff $300 for her services.  The defendants are to be held liable, if at all, on the ground that they ratified the contract made by Soule with the plaintiff.  The only direct evidence in the case tending to establish such ratification is given by the plaintiff herself.  There is perhaps enough of it, taken in connection with the acts of the defendants in paying to the plaintiff money, and their making use of the petition circulated by the plaintiff in securing the contract with the city, to warrant the inference that Soule was authorized by them to employ the plaintiff to perform the services which she did perform; but, from my point of view, the case is utterly destitute of evidence that the defendants ever agreed to pay, or ratified an agreement by Soule to pay, the sum of $300 for those services.  Indeed, all the evidence upon that subject is to the contrary.  The only time when, according to the plaintiff, anything was said to the defendants about the amount promised her by Soule, they instantly repudiated his authority in that respect.  The complaint in this action is upon a special contract to pay $300, and, conceding the plaintiff's right to recover upon a *quantum meruit,* she cannot recover under her complaint, because no proof of the value of the services was offered, and the proof made falls short of establishing an agreement to pay $300 by the defendants.

In order to bind the defendants to the payment of $300, as claimed in the complaint, it should appear that, when informed by the plaintiff that Soule had promised to pay her that amount, they assented to it, and consented to be bound by it.  Such intent should have been maintained in an unequivocal manner.  The record shows, as we have seen, that, when the plaintiff claimed to the defendants that Soule promised her $300, they told her it was too much, and refused to pay it.  It is no doubt true that a principal is bound to disavow the unauthorized act of his agent within a reasonable time after the fact comes to his knowledge.  In this case the disavowal was made immediately on the claim being made by the plaintiff for $300.  It is impos-

sible, from the record before us, to find that the defendants unequivocally or in any way consented or agreed that the plaintiff should receive $300 for her services. The judgment appealed from should be reversed.